IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| CARL ANGELO GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-cv-996-SLB-TMP |
| | ) | |
| JAMES HAYES, Sheriff of | ) | |
| Etowah County, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION</u>**

The magistrate judge filed his report and recommendation in this action on June 12, 2007, recommending that the petition for writ of *habeas corpus* be dismissed as time barred.  The petitioner filed his objections to the report and recommendation on June 27, 2007, arguing that he properly filed his notice of appeal from the denial of Rule 32 relief, so that the pendency of his Rule 32 petition tolled the running of the one-year limitation under 28 U.S.C. § 2244(d).  Having now carefully reviewed and considered *de novo* all of the materials in the court file, including the report and recommendation and the objections to it, the court finds that the objections are due to be overruled and the report and recommendation adopted and accepted.

As documented by the magistrate judge, petitioner's misdemeanor convictions became final when he failed to appeal within fourteen days after sentence was pronounced.  In one case (case number 03-1970), that occurred on January 2, 2004.  Petitioner filed **no** Rule 32 petition at all until March 3, 2005, more than a year after the conviction in 03-1970 was final.  Thus, at least with respect to that conviction, the filing of the Rule 32 petition and the validity of any subsequent appeal

are immaterial because the one-year limitation had already expired before the post-conviction petition was filed.  The Rule 32 petition, whatever its status, simply had no tolling effect at all with respect to the 03-1970 conviction.

In the two later cases (case numbers 04-178 and 04-444), the convictions became final on April 14, 2004, fourteen days after sentence was pronounced and the time to appeal expired.  When petitioner filed his Rule 32 petition on March 3, 2005, he was still within the one-year limitation period, and, thus, the petition tolled the running of the limitation period at that time.  It must be noted, however, that all but 42 days of the 365-day period had expired.

According to petitioner, the Rule 32 petition was initially filed in the Circuit Court of Etowah County, which transferred it to the Gadsden Municipal Court because that was the court in which the challenged convictions occurred.  The Gadsden Municipal Court denied the Rule 32 petition on April 20, 2005.  It is here that the petitioner argues that he appealed the denial of Rule 32 relief by delivering to jail officials three notices of appeal, dated April 7, 12, and 26, for delivery to the Gadsden Municipal Court through a "hand mail" delivery system at the jail.  Instead, the notices were delivered to the Circuit Court of Etowah County.  When the appeals were not docketed with the municipal court, petitioner filed a petition for writ of *mandamus* in the Alabama Court of Criminal Appeals on May 22, 2005.  Because the petition sought to compel the municipal court clerk to docket an appeal, the Alabama Court of Criminal Appeals transferred the petition to the Circuit Court of Etowah County, the court with supervisory authority over the municipal court.  Ultimately, that court denied the petition for writ of *mandamus*, which was affirmed on appeal by the Court of Criminal Appeals.  The Court of Criminal Appeals concluded that the writ of *mandamus* was correctly denied because the notices of appeal were never delivered to the court from which the

2

appeal was taken, that is, the Gadsden Municipal Court. The Alabama Supreme Court denied *certiorari* review of the affirmance, concluding the *mandamus* proceedings on February 10, 2006.

As pointed out by the magistrate judge, even if petitioner is given the benefit of all the time he litigated the *mandamus* petition, seeking to appeal the denial of Rule 32 relief, his § 2254 petition, filed on May 18, 2006, was untimely. At the conclusion of whatever tolling the Rule 32 petition and its appeal/*mandamus* may have had, only 42 days remained for petitioner to file a timely § 2254 petition, or until March 24, 2006. Instead, he waited for almost two months after that to file the petition on May 18, 2006. The untimeliness of the petition is inescapable.

Finally, petitioner argues that his delivery of the notices of appeal to jail officials on April 7, 12, and 26, 2005, constitutes "filing" of the notices under Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), and that the decision by the Alabama courts denying *mandamus* relief to compel docketing of the appeal is contrary to this authority. Petitioner misunderstands, however, that Houston establishes a rule of procedural law, not constitutional law binding on the states. State courts are not obligated to accept or adopt the "mailbox rule," and may require, instead, strict adherence to the procedural law of each respective state. See Lyons-Bey v. Pennell, 93 Fed. Appx. 732 (6th Cir. 2004) ("Houston is not binding on the state courts of Michigan"); Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003); Causey v. Cain, 450 F.3d 601 (5th Cir. 2006); Garcia v. Shanks, 351 F.3d 468 (10th Cir. 2003); Adams v. LeMaster, 223 F.3d 1177, 1181-82 (10th Cir. 2000); Webster v. Moore, 199 F.3d 1256, 1258-59 (11th Cir. 2000); Coleman v. Johnson, 184 F.3d 398, 401-02 (5th Cir. 1999). Although Alabama follows the "mailbox rule" in this context, the Alabama Court of Criminal Appeals determined that petitioner misdirected the notices of appeal to the Circuit Court rather than the municipal court. See Memorandum Opinion, Alabama Court of

Criminal Appeals, September 16, 2005 (attached as exhibit to petitioner's Motion to Expand the Record). That determination is binding on this court, and is itself sufficient to find the appeals not timely filed. See Hill v. Jones, 2007 WL 1723606 (11th Cir., June 15, 2007), where the court of appeals held:

> Had Hill addressed his [Rule 32] notice of appeal properly to the clerk of the circuit court [instead of the Court of Criminal Appeals], he is correct that it would have been filed timely under the "mailbox rule" when received by the clerk of the circuit court because it had been placed in the prison mailbox within the required 42-day appeal period. The "mailbox rule" is designed to protect "the pro se prisoner [who] has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay," Houston v. Lack, 108 S. Ct. 2379, 2382 (1988); *a pro se prisoner's act of misaddressing a court filing falls outside the umbrella of protection of the mailbox rule. And "we are bound by the state court's determination that the appeal was untimely" because "a petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines."* Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003).

Id. at note 6. Because petitioner misdirected his notices of appeal to the circuit court, he never properly appealed the denial of his Rule 32 petition, and the "mailbox rule" simply does not apply.

The court concludes that the magistrate judge correctly determined that petitioner's § 2254 challenge to his three misdemeanor convictions is time barred under § 2244(d). Further, equitable tolling does not save the petition. Petitioner's error in misdirecting the notices of appeal is not the type of extraordinary circumstance beyond his control that can constitute a basis for equitable tolling.

See <u>Hill v. Jones</u>, 2007 WL 1723606 (11th Cir., June 15, 2007).[1]  Thus, petitioner is not deserving

of equitable tolling of the time limit for filing his *habeas* petition.

By separate order, the court will overrule the objections and adopt and accept the magistrate

judge's report and recommendation.

---

[1]  The court of appeals explained:

The record discloses no circumstances sufficiently extraordinary that were both beyond Hill's control and unavoidable even with due diligence. A garden variety error — misaddressing the notice of appeal — caused Hill's state habeas appeal to be filed untimely. We have repeatedly denied equitable tolling predicated on a claim [of] attorney negligence. <u>See Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1313 (11th Cir. 2001); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271-72 (11th Cir. 1999).  As the Supreme Court has observed, "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline."  <u>Lawrence v. Florida</u>, 127 S.Ct. 1079, 1085 (2007).  We appreciate Hill's error to present a circumstance no more extraordinary than mere attorney negligence; the error was both within Hill's control and avoidable by him with even minimal diligence.  Either of these facts alone is sufficient to defeat equitable tolling.

<u>Hill v. Jones</u>, 2007 WL 1723606, at *2 (11th Cir., June 15, 2007).

**DONE**, this the 26th day of July, 2007.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE